
ANDREA BRANDES NEWSOM, on )
behalf of herself and all others similarly, )
situated, )
                       Plaintiff, )
                                ) **1:15**-cv-**0943** WTL-**DKL**
                vs. )  No. _____
                                )
GOODMAN MANUFACTURING, )
COMPANY, L.P., GOODMAN GLOBAL, )
INC., and GOODMAN COMPANY, L.P., )
                                )
                    Defendants. )

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This is a class action on behalf of thousands of Indiana residents who purchased uniformly defective air conditioners, air handlers, or heat pumps (the "Goodman Products") manufactured by Goodman, or who own a home or other structure in which the uniformly defective Goodman Products are installed. As the Seventh Circuit noted in *Pella Corporation v. Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010), cases that assert a uniform defect are uniquely suited for class certification because "the central questions in the litigation are the same for all class members"——whether the products suffer from an inherent defect, whether the defendant knew of this defect, and the scope of the defendant's warranty. *See also Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013) *cert denied*, 134 S. Ct. 1277, 188 L. Ed. 298 (2014) ("There is a single, central, common issue of liability: whether the Sears washing machine was defective"). The Court should certify a Plaintiff Class because this case meets all of the requirements for certification under Rule 23(a)

and (b)(3) of the Federal Rules of Civil Procedure and because a class action is the most efficient means for resolving this litigation.[1]

## FACTS

Defendants Goodman Manufacturing Co., L.P., Goodman Global, Inc., and Goodman Company, L.P. (collectively, "Defendants," "Goodman," or the "Company") are in the business of engineering, manufacturing, distributing, and marketing heating, ventilation, and air conditioning ("HVAC") products for residential and light commercial use. (Compl. ¶ 21.) Goodman Products leak refrigerant because the copper coils used in the Goodman Products are defective and prematurely corrode, which causes holes and cracks in the coils. (Compl. ¶ 2.) Defendants' defective coils also cannot withstand the higher pressure from the environmentally-friendly refrigerant required to be used by law, further exacerbating the leakage problem. (Compl. ¶ 2.)

The defective nature of Goodman Products is so uniform and widespread that it is the subject of numerous complaints from dissatisfied consumers and is recognized by technicians in industry trade forums. (Compl. ¶¶ 34–36.) The uniformly defective Goodman Products are also the subject of class action lawsuits in other states. *Brown v. Goodman Mfg. Co.*, No. 1:13-cv-03169, 2015 WL 1006319

---

[1] Plaintiff has filed her Motion for Class Certification with the Complaint as required to preserve her class claims under Seventh Circuit precedent. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) (to avoid mooting of class claims, "[c]lass-action plaintiffs can move to certify the class at the same time that they file their complaint."). Plaintiff reserves the right to amend or provide additional information in support of class certification as class discovery proceeds. *See id.* at 897 ("[A] court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class").

2

(D. S.C. Mar. 5, 2015) (denying motion to dismiss claims for breach of express warranty, breach of implied warranty of merchantability, and unjust enrichment); *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co.*, No. 3:12-cv-01366 (M.D. Fla. Aug. 14, 2014) (denying motion to dismiss claims for breach of express warranty and violations of the Florida Deceptive and Unfair Trade Practices Act); *McVicar v. Goodman Global, Inc.*, 1 F. Supp. 3d 1044 (C.D. Cal. 2014) (denying motion to dismiss claims for unjust enrichment and California unfair competition). *See also Kotsur v. Goodman Global, Inc.*, No. 14-1147, 2014 WL 6388432 (E.D. Pa.) (Defendants answered complaint and class certification is pending); *Gustafson v. Goodman Mfg. Co.*, No. 3:13-cv-8274 (D. Ariz. Apr. 28, 2014) (Defendants answered amended complaint); *Siriano v. Goodman Mfg. Co.*, No. 2:14-cv-01131 (S.D. Ohio) (motion to dismiss pending); *Kleef v. Goodman Mfg. Co.*, No. 4:15-cv-00176 (E.D. Ark. Mar. 27, 2015) (motion to dismiss pending). These cases against Defendants "involve distinctly separate and non-overlapping putative classes." *In re Goodman Mgf. Co., L.P., HVAC Prods. Liability Litig.*, 987 F. Supp. 2d 1380, 1380 (J.P.M.L. 2013) (denying centralization of the cases against Defendants because "these are not particularly complex actions" and they "uniformly involve relatively simple warranty claims and straightforward discovery").

**THE PROPOSED CLASS**

Plaintiff brings this case on behalf of herself and as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All persons in Indiana who purchased air conditioners, air handlers, or heat pumps (the "Goodman Products") manufactured by Goodman, or who own a home or other structure in which Goodman Products are installed.

**THE REQUIREMENTS FOR CLASS CERTIFICATION ARE SATISFIED**

To certify a class under Rule 23 of the Federal Rules of Civil Procedure, a Plaintiff must demonstrate that the four requirements of Rule 23(a) are satisfied (numerosity, commonality, typicality, and adequacy) and that the requirements of any subsection of Rule 23(b) are met. The Court should certify this case as a class action under 23(b)(3) because the facts common to the Class members in this case predominate and a class action is the superior method to adjudicate the millions of claims in one representative action.

### I. Rule 23(a)(1)—Numerosity is satisfied.

The Rule 23(a)(1) numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1)." *Shepherd v. ASI, Ltd.*, 295 F.R.D. 289, 296 (S.D. Ind. 2013) (citations omitted). "The Court is entitled to make common sense assumptions in order to find support for numerosity." *Warren v. Town of Speedway*, No. 1:13-CV-1049-JMS-DKL, 2013 WL 6729655, at *3 (S.D. Ind. Dec. 19, 2013) (internal quotations omitted).

Here, Defendants asserted in a similar class action pending in Pennsylvania that a class of Pennsylvania residents that purchased the defective Goodman Products consisted of over 390,000. (Compl. ¶ 10) (citing *Kotsur v. Goodman Global,*

*Inc.*, No. 14-1147 (E.D. Pa. Feb. 25, 2014) (Dkt No. 1, Notice of Removal, at 11 ¶ 11).) Proportionate population estimates establish that the Class here easily includes thousands, such that "joinder of all members is impracticable." *See, e.g., Shepherd*, 295 F.R.D. at 296 (holding that a class of only 273 members "unquestionably fulfills the numerosity requirement").

## II. Rule 23(a)(2)—Commonality is satisfied.

The Rule 23(a)(2) commonality requirement is satisfied where "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). What matters for commonality is "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011). In defective product cases, commonality is easily satisfied because "the central questions in the litigation are the same for all class members." *Pella Corp.*, 606 F.3d at 394. *See also Shepherd*, 295 F.R.D. at 297 (commonality satisfied when a defendant has "engaged in standardized conduct towards members of the proposed class") (quoting *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998)).

Here, there are a number of common questions of law and fact that center on the defective nature of the Goodman Products, i.e., whether the Goodman Products suffer from a common defect, whether Goodman knew of the defect, the scope of Goodman's warranty, and the enforceability of the limitations on Defendants' warranty in light of Goodman's wrongful conduct. Any one of these common issues is sufficient to satisfy the Rule 23(A) commonality requirement. *See Butler*, 727 F.3d at 801 ("There is a single, central, common issue of liability: whether the Sears

5

washing machine was defective"); *Pella Corp.*, 606 F.3d at 394; *Shepherd*, 295 F.R.D. at 297 ("Since the claim arises from this 'common nucleus of operative fact,' the class action complaint here presents an opportunity to determine, at a stroke, whether Defendant's conduct violated [its] legal obligations towards all the [Class members].")

### III. Rule 23(a)(3)—Typicality is satisfied.

The Rule 23(a)(3) typicality requirement is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claim of the class at large." *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009). "In other words, the named plaintiff must be fully representative of the class, possessing the same interest and suffering the same injury—in broad terms—as the other class members." *Shepherd*, 295 F.R.D. 297–98 (citing *Gen. Tel. Co of Sw. v. Falcon*, 457 U.S. 147, 156 (1977)). "The requirements of typicality and commonality under Rule 23 are similar, and they serve the same policy goals—determining whether the class action form is in the interests of judicial economy, and further whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* (internal quotation omitted).

Here, the Plaintiff's claims and the claims of the other Class members all arise from the same defective Goodman Products. The Plaintiff's interest in the litigation is aligned with that of the members of the Class, and a finding that the

6

Goodman Products were defective would redound to the benefit of all other Class members who share the same claims based on the same defective products. *See Butler*, 727 F.3d at 801. Thus, the Plaintiff's interests are aligned with the Class and the Plaintiff's claim is typical.

## IV. Rule 23(a)(4)—Adequacy is satisfied.

The Rule 23(a)(4) adequacy requirement is satisfied where "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The "inquiry into the fairness and adequacy of representation afforded by a plaintiff as a potential class representative overlaps significantly with [the] examination of the 'typicality' requirement; a plaintiff whose claim is typical of the proposed class can be assumed to be a fair representative of the class's interest." *Shepherd*, 295 F.R.D. at 298. A plaintiff satisfies this requirement if she has no interests antagonistic to the Class and if her counsel is qualified, experienced, and able to vigorously conduct the proposed litigation. *Id.* at 299.

Here, as set forth above the Plaintiff's claims are typical of those of the Class, so she can be assumed to be a fair representative of the Class's interest. The Plaintiff's interests are aligned to those of the Class, not in conflict with those of the Class. In addition, the Plaintiff's counsel is highly experienced in class action litigation, as recognized by this Court and others across the country, and has all the resources and skill necessary to vigorously prosecute this action. *See, e.g., In re Iowa Ready-Mix Concrete Antitrust Litig.*, No. C 10-4038-MWB (N.D. Iowa Nov. 9, 2011), ECF No. 309 (praising Cohen & Malad, LLP for obtaining "fabulous results" for the

class with "incredible efficiency"); *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 168 (S.D. Ind. 2009); *Dubinski v. Sentry Ins. A Mutual Co.*, No. 1:14-cv-00551 (S.D. Ind. May 28, 2015), ECF No. 54; *Warren v. Town of Speedway*, No. 1:13-cv-1049-JMS-DKL, 2013 WL 6729655, at *4 (S.D. Ind. Dec. 19, 2013); *Selburg v. Virtuoso Sourcing Group, LLC*, No. 1:11-cv-1458-RLY-MJD, 2012 WL 4514152, at *9 (S.D. Ind. Sept. 29, 2012).

## V. Rule 23(b)(3)—Predominance and superiority are satisfied.

In addition to the four threshold criteria of Rule 23(a), a proposed class must meet one of the additional four requirements set forth in Rule 23(b), in this case Rule 23(b)(3), which requires the Court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Rule 23(b)(3) analysis focuses on whether a class action is the efficient procedure to litigate the case. *Butler*, 727 F.3d at 798–99. Courts recognize that a class action often is the efficient method of litigation when a single event affects tens of thousands of consumers. *Id.* "[A]ll that Rule 23(b)(3) requires is an essential common factual link between all class members and the defendant for which the law provides a remedy." *Shepherd*, 295 F.R.D. at 299 (internal quotation omitted).

In this case, the claims of the Plaintiff and the Class members are bound together by a very simple factual link: the defective nature of the Goodman Products. *See Butler*, 727 F.3d at 801 ("There is a single, central, common issue of liability: whether the Sears washing machine was defective"). The common

8

questions of law and fact arising from this shared factual scenario predominate over any individual issues. *See also Pella Corp.*, 606 F.3d at 394.

And, for the reasons already discussed, a class action is the superior method to litigate this case because a class action is the most efficient means to litigate the issue of the defective Goodman Products. Likewise, the class action device provides economies of scale that will allow consumer claims regarding defective products to be litigated in one proceeding in an efficient manner based on the aggregate value of the claims.

## CONCLUSION

The Court should certify the requested Plaintiff Class, appoint Plaintiff as Class Representative, and appoint Plaintiff's Counsel as Class Counsel.

Dated: June 16, 2015

Respectfully submitted,

_____
Irwin B. Levin, No. 8786-49
Richard E. Shevitz, No. 12007-49
Vess A. Miller, No. 26495-53
Lynn A. Toops, No. 26386-49A
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Fax: (317) 636-2593
ilevin@cohenandmalad.com
rshevitz@cohenandmalad.com
vmiller@cohenandmalad.com
ltoops@cohenandmalad.com

*Counsel for Plaintiff and the Proposed Plaintiff Class*

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served on the following party by United States Mail on June 16, 2015:

**Goodman Manufacturing Company L.P.**
c/o Ray Carroll, Registered Agent
5151 San Felipe St.
Suite 500
Houston, TX 77056-3650

**Goodman Global, Inc.**
c/o The Corporation Trust Company,
Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**Goodman Company L.P.**
c/o The Corporation Trust Company,
Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

_____
Lynn A. Toops
*Counsel for Plaintiffs and the*
*Proposed Plaintiff Class*